UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

_____
                                       )
**DELINOIR FANETTE,**                  )
**JUSLAINE CHERELUS,**                 )
**DALESTIN CHERENFANT,**               )
**SIFORT CONTREKER,**                  )
**PIERRE ANES DARVILMAR,**             )
**MARIE I. DESRUISSEAU,**              )
**ST. GELUS DUFRESNE,**                )
**MARIE YOLENE EXUME,**                )
**MARIE ALMONOR FAUSTIN,**             )
**ANDRE JEAN-BAPTISTE,**               )
**MERANCIA JOSEPH,**                   )
**ROSIE JOSEPH,**                      )
**ANITE LABROUSSE,**                   )
**EDEL JOSEPH MAYARD,**                )
**ADDLY PETITFRERE,**                  )
**INOCIO ANDRE SIMEON,**               )
**ICLERCIA ST. JUSTE and**             )
**EPFANIE SAINTELUS VITAL,**           )
                                       )
        **Plaintiffs,**                )
                                       )
**vs.**                                )      **Case No. 1:10-cv-136-SPM-AK**
                                       )
**STEVEN DAVIS FARMS, LLC**            )
**and STEVEN M. DAVIS,**               )
                                       )
        **Defendants.**                )
_____)

**AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,**
**COSTS OF LITIGATION AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1.     This is an action by 18 migrant farmworkers employed on the Lacrosse, Florida

operations of Defendants Steven Davis Farms, LLC and Steven M. Davis to harvest and pack

vegetables at various points between 2007 through 2010, inclusive.  The Plaintiffs bring this

action to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural

Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA") and the Fair Labor Standards Act,

29 U.S.C. §§201, *et seq.* ("FLSA").

2.   The Plaintiffs claim that throughout the period they were employed on the Defendants'

operations in 2007, 2008, 2009 and 2010,  Steven Davis Farms, LLC and Steven M. Davis failed

to pay the Plaintiffs minimum wages as required by the FLSA.  Throughout the period of their

employment by the Defendants, the Plaintiffs were denied the benefits of many of the substantive

provisions of the AWPA.

3.   The Plaintiffs seek money damages, declaratory relief and injunctive relief to redress

these violations of law.

**JURISDICTION**

4.  Jurisdiction is conferred upon this Court by 29 U.S.C. §1854(a), this action arising

under the AWPA; by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C.

§1331, this action arising under the laws of the United States; and by 28 U.S.C. §1337, this

action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing

supplemental jurisdiction over the state law claims.

-2-

5.   This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

6.   The Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201-2202.

## VENUE

7.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this district and the events or omissions giving rise to the claim occurred in the district.

## PARTIES

8.   The Plaintiffs are adult migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) in that they were employed in agricultural employment of a seasonal nature on the Defendants' north Florida operations and were required to be absent overnight from their permanent places of residence in Miami-Dade County, Florida.  At all times relevant to this action, the Plaintiffs were engaged in the production of goods for sale in interstate commerce.   The Plaintiffs are fluent only in the Haitian Creole language.

9.   Defendant Steven Davis Farms, LLC is a closely-held Florida corporation that maintains its headquarters in Lacrosse, Alachua County, Florida.  At all times relevant to this action, Defendant Steven Davis Farms, LLC  owned or operated a farm near Lacrosse, Florida and produced vegetables for sale in interstate commerce.  At all times relevant to this action, Defendant Steven Davis Farms, LLC was an agricultural employer of the Plaintiffs within the

meaning of the AWPA, 29 U.S.C. §1802(2), in that it owned or operated a farm and employed the Plaintiffs and other migrant or seasonal agricultural workers.  At all times relevant to this action, Defendant Steven Davis Farms employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d) in that it controlled the workers' employment, directly and indirectly supervised the performance of their job duties, established their rates of pay and job terms.   The Plaintiffs' employment occurred on the Defendant's property and was an integral part of the Defendant's vegetable business.

10.   Defendant Steven M. Davis is a resident of Alachua, Florida.   He is the chief operating officer and owner of Defendant Steven M. Davis Farms, LLC.  At all times relevant to this action, Defendant Steven M. Davis owned or operated a farm near Lacrosse, Florida and produced vegetables for sale in interstate commerce.  At all times relevant to this action, Defendant Steven M. Davis was an agricultural employer of the Plaintiffs within the meaning of the AWPA, 29 U.S.C. §1802(2), in that he owned or operated a farm and employed the Plaintiffs and other migrant or seasonal agricultural workers.  At all times relevant to this action, Defendant Steven M. Davis employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d) in that he controlled the workers' employment, directly and indirectly supervised the performance of their job duties, established their rates of pay and job terms.   The Plaintiffs' employment occurred on the Defendant's property and was an integral part of the Defendant's vegetable business.

## COUNT I

**(Migrant and Seasonal Agricultural Worker Protection Act)**
**(2010 north Florida vegetable season)**

11.  This count sets forth a claim by Plaintiffs Juslaine Cherelus, Dalestin Cherenfant and Marie Almonor Faustin  ("the 2010 Plaintiffs") for damages, injunctive relief and declaratory relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2010 vegetable season on the Defendants' operations in and near Lacrosse, Florida.

12.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 10 of this Complaint.

13.  In or about April, 2010, the Defendants recruited the 2010 Plaintiffs for employment on the Defendants' operations during the 2010 north Florida vegetable season, extending from approximately May through November, 2010.  This recruitment was conducted or supervised by Cabioch Bontemps, a full-time employee of the Defendants.

13.  The Defendants failed to provide the 2010 Plaintiffs at the time of their recruitment with a written statement in a language in which the workers were fluent of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78.

14.  At various points in the 2010 north Florida vegetable season, the Defendants employed the 2010 Plaintiffs for work planting, cultivating, harvesting, grading and packing vegetable crops on the Defendants' farm near Lacrosse, Florida.

15.  Throughout the period of their employment on the Defendants' farm during the 2010

north Florida vegetable season, the 2010 Plaintiffs were housed in facilities owned or controlled by the Defendants.   At all times relevant to this count, these housing facilities were controlled and provided to the 2010 Plaintiffs by the Defendants, within the meaning of the AWPA, 29 U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and 500.130(c).

16.   In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29 C.F.R. §500.135(a), the Defendants permitted the 2010 Plaintiffs to occupy the housing facilities described in Paragraph 15 without these facilities having first been certified by a State or local health authority or other appropriate agency as meeting applicable safety and health standards relating to migrant labor housing.

17.   In violation of the AWPA, 29 U.S.C. §1823(a), and its attendant regulations, 29 C.F.R. §500.130, the Defendants failed to ensure that the accommodations provided to the 2010 Plaintiffs as described in Paragraph 15 complied with substantive Federal and State safety and health standards applicable to the housing.  Among other things, the facilities were overcrowded, lacked required cooking, refrigeration and food storage equipment, were not equipped with heat and did not include comfortable beds for each occupant.

18.   The Defendants failed to post in a conspicuous place or to present to the 2010 Plaintiffs a written statement of the terms and conditions of occupancy at the facilities described in Paragraph 15, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and its implementing regulations, 29 C.F.R. §§500.75(f) and 500.78.

19.   Throughout the 2010 north Florida vegetable season, the Defendants transported or caused the 2010 Plaintiffs to be transported on a daily basis in various vehicles.  The Defendants

failed to have an insurance policy or liability bond insuring them in the requisite amounts against liability for damage to persons and property arising from the transportation of the 2010 Plaintiffs in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

20.   The Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the 2010 Plaintiffs during the 2010 north Florida vegetable season.   Among other things, no records were maintained showing the hours worked by the 2010 Plaintiffs while employed harvesting vegetables on a piece-rate basis.

21.   In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), the Defendants failed to provide to the 2010 Plaintiffs at each pay day during the 2010 north Florida vegetable season a written statement containing the data required to be disclosed under the statute and its implementing regulations.   The 2010 Plaintiffs either received no wage statements whatsoever or were provided with pay envelopes which failed to show the employer's name and address and the number of hours worked on piece-rate activities.

22.   Throughout the period they employed the 2010 Plaintiffs during the 2010 north Florida  vegetable season, the Defendants failed to provide field toilets, handwashing facilities and drinking water as required by federal and state law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

23.   The 2009 Plaintiffs were paid on a piece-rate basis for their work harvesting vegetables on the Defendants' operations during the 2010 north Florida vegetable season.  The 2010 Plaintiffs' weekly piece-rate harvesting earnings totaled less than the applicable federal and

state minimum wages.  For harvesting work, the Defendants only compensated the 2010 Plaintiffs for their piece-rate earnings.   The Defendants failed to supplement the 2010 Plaintiffs' piece-rate earnings so as to raise their work week wages to a rate equal to or exceeding the applicable state and federal minimum wages.

24.  For packing house work during the 2010 north Florida vegetable harvest, the Defendants compensated the 2010 Plaintiffs at a rate of $7.00 per hour, less than the applicable minimum wage under the Fair Labor Standards Act and the Florida Constitution.

25.  The Defendants failed to properly credit the 2010 Plaintiffs with all compensable hours worked.  On occasion, the 2010 Plaintiffs were required to sit idle at the jobsite at the commencement of the day for prolonged periods of time, waiting for the dew to dry on the beans before beginning to pick, or at the end of the workday, waiting for boxes of beans to be weighed and for their picking tokens to be counted.  Although this time was properly compensable under the Fair Labor Standards Act, the Defendants failed to credit the 2010 Plaintiffs with this waiting time as part of their respective compensable hours worked.

26.  The Defendants unlawfully withheld charges from the wages of the 2010 Plaintiffs for the housing accommodations described in Paragraph 15.

27.  The Defendants failed to report to the Social Security Administration the earnings of the 2010 Plaintiffs on the Defendants' operations during the 2010 north Florida vegetable harvest.  The Defendants also failed to pay Social Security or unemployment compensation taxes pursuant to the Federal Insurance Contributions Act with respect to the earnings of the 2010 Plaintiffs for labor performed on the Defendants' operations during the 2010 north Florida vegetable harvest.

-8-

28.   By their actions described in Paragraphs 23, 24, 25, 26 and 27, the Defendants failed to pay the 2010 Plaintiffs their wages when due for work performed on the Defendants' operations during the 2010 vegetable harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its implementing regulations, 29 C.F.R. § 500.81.

29.   The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

30.   As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the 2010 Plaintiffs have suffered damages.

**COUNT II**

**(Migrant and Seasonal Agricultural Worker Protection Act)**
**(2009 north Florida vegetable season)**

31.  This count sets forth a claim by Plaintiffs Delinoir Fanette, Juslaine Cherelus, Dalestin Cherenfant, Sifort Contreker, Marie I. Desruisseau, Marie Yolene Exume, Marie Almonor Faustin, Andre Jean-Baptiste, Anite Labrousse, Edel Joseph Mayard and Iclercia St. Juste ("the 2009 Plaintiffs") for damages, injunctive relief and declaratory relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2009 vegetable season on the Defendants' operations in and near Lacrosse, Florida.

32.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 10 of this Complaint.

33.  In or about April, 2009, the Defendants recruited the 2009 Plaintiffs for employment on the Defendants' operations during the 2009 north Florida vegetable season, extending from approximately May through November, 2009.  This recruitment was conducted or supervised by Cabioch Bontemps, a full-time employee of the Defendants.

34.  The Defendants failed to provide the 2009 Plaintiffs at the time of their recruitment with a written statement in a language in which the workers were fluent of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78.

35.  At various points in the 2009 north Florida vegetable season, the Defendants employed the 2009 Plaintiffs for work planting, cultivating, harvesting, grading and packing

vegetable crops on the Defendants' farm near Lacrosse, Florida.

36.   Throughout the period of their employment on the Defendants' farm during the 2009 north Florida vegetable season, the 2009 Plaintiffs were housed in facilities owned or controlled by the Defendants.   At all times relevant to this count, these housing facilities were controlled and provided to the 2009 Plaintiffs by the Defendants, within the meaning of the AWPA, 29 U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and 500.130(c).

37.   In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29 C.F.R. §500.135(a), the Defendants permitted the 2009 Plaintiffs to occupy the housing facilities described in Paragraph 36 without these facilities having first been certified by a State or local health authority or other appropriate agency as meeting applicable safety and health standards relating to migrant labor housing.

38.   In violation of the AWPA, 29 U.S.C. §1823(a), and its attendant regulations, 29 C.F.R. §500.130, the Defendants failed to ensure that the accommodations provided to the 2009 Plaintiffs as described in Paragraph 36 complied with substantive Federal and State safety and health standards applicable to the housing.   Among other things, the facilities were overcrowded, lacked required cooking, refrigeration and food storage equipment, were not equipped with heat and did not include comfortable beds for each occupant.

39.   The Defendants failed to post in a conspicuous place or to present to the 2009 Plaintiffs a written statement of the terms and conditions of occupancy at the facilities described in Paragraph 36, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and its implementing regulations, 29 C.F.R. §§500.75(f) and 500.78.

-11-

40.   Throughout the 2009 north Florida vegetable season, the Defendants transported or caused the 2009 Plaintiffs to be transported on a daily basis in various vehicles.   The Defendants failed to have an insurance policy or liability bond insuring them in the requisite amounts against liability for damage to persons and property arising from the transportation of the 2009 Plaintiffs in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

41.   The Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the 2009 Plaintiffs during the 2009 north Florida vegetable season.   Among other things, no records were maintained showing the hours worked by the 2009 Plaintiffs while employed harvesting vegetables on a piece-rate basis.   No records whatsoever were kept and maintained on the labor of Plaintiffs Marie Yolene Exume and Iclercia St. Juste.

42.   In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), the Defendants failed to provide to the 2009 Plaintiffs at each pay day during the 2009 north Florida vegetable season a written statement containing the data required to be disclosed under the statute and its implementing regulations.   The 2009 Plaintiffs either received no wage statements whatsoever or were provided with pay envelopes which failed to show the employer's name and address and the number of hours worked on piece-rate activities.

43.   Throughout the period they employed the 2009 Plaintiffs during the 2009 north Florida  vegetable season, the Defendants failed to provide field toilets, handwashing facilities and drinking water as required by federal and state law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

44.   The 2009 Plaintiffs were paid on a piece-rate basis for their work harvesting vegetables on the Defendants' operations during the 2009 north Florida vegetable season.  The 2009 Plaintiffs' weekly piece-rate harvesting earnings totaled less than the applicable federal and state minimum wages.  The Defendants only compensated the 2009 Plaintiffs for their piece-rate earnings.   The Defendants failed to supplement the 2009 Plaintiffs' piece-rate earnings so as to raise their work week wages to a rate equal to or exceeding the applicable state and federal minimum wages.

45.   The Defendants failed to properly credit the 2009 Plaintiffs with all compensable hours worked.  On occasion, the 2009 Plaintiffs were required to sit idle at the jobsite at the commencement of the day for prolonged periods of time, waiting for the dew to dry on the beans before beginning to pick, or at the end of the workday, waiting for boxes of beans to be weighed and for their picking tokens to be counted.  Although this time was properly compensable under the Fair Labor Standards Act, the Defendants failed to credit the 2009 Plaintiffs with this waiting time as part of their respective compensable hours worked.

46.   The Defendants unlawfully withheld charges from the wages of the 2009 Plaintiffs for the housing accommodations described in Paragraph 36.

47.   The Defendants failed to report to the Social Security Administration the earnings of the 2009 Plaintiffs on the Defendants' operations during the 2009 north Florida vegetable harvest.  The Defendants also failed to pay Social Security taxes pursuant to the Federal Insurance Contributions Act with respect to the earnings of the 2009 Plaintiffs for labor performed on the Defendants' operations during the 2009 north Florida vegetable harvest.

48.   By their actions described in Paragraphs 44, 45, 46 and 47, the Defendants failed to

pay the 2009 Plaintiffs their wages when due for work performed on the Defendants' operations

during the 2009 vegetable harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its

implementing regulations, 29 C.F.R. § 500.81.

     49.  The violations of the AWPA and its attendant regulations as set forth in this count

were the natural consequences of the conscious and deliberate actions of the Defendants and

were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

     50.  As a result of the Defendants' violations of the AWPA and its attendant regulations

as set forth in this count, the 2009 Plaintiffs have suffered damages.

**COUNT III**

**(Migrant and Seasonal Agricultural Worker Protection Act)**
**(2008 north Florida vegetable season)**

51.  This count sets forth a claim by Plaintiffs Delinoir Fanette, Juslaine Cherelus,

Dalestin Cherenfant, Sifort Contreker, Pierre Anes Darvilmar, Marie I. Desruisseau, St. Gelus

Dufresne, Marie Almonor Faustin, Merancia Joseph, Anite Labrousse, Inocio Andre Simeon and

Epfanie Saintelus Vital ("the 2008 Plaintiffs") for damages, injunctive relief and declaratory

relief with respect to the Defendants' violations of the AWPA and its attendant regulations

during the 2008 vegetable season on the Defendants' operations in and near Lacrosse, Florida.

52.  The Plaintiffs reallege and incorporate by reference the allegations set forth in

paragraphs 1 through 10 of this Complaint.

53.  Prior to the 2008 north Florida vegetable season on their north Florida operations,

the Defendants decided to hire and import workers from Haiti to supplement its workforce for

the upcoming agricultural harvest.  An agricultural employer in the United States may import

aliens to perform labor of a temporary nature if the U.S. Department of Labor certifies that (1)

there are insufficient available workers within the United States to perform the job, and (2) the

employment of aliens will not adversely affect the wages and working conditions of similarly-

situated U.S. workers.  8 U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188 (a)(1).  Aliens admitted in this

fashion are commonly referred to as "H-2A workers."

54.  Agricultural employers seeking the admission of H-2A workers must first file a

temporary labor certification application with the U.S. Department of Labor.  20 C.F.R.

§§655.101(a)(1) and (b)(1).  This application must include a job offer, commonly referred to as a

"clearance order" or "job order," complying with applicable regulations, which is used in the

recruitment of both U.S. and H-2A workers.  20 C.F.R. §655.101(b)(1).  These regulations

establish the minimum benefits, wages, and working conditions that must be offered in order to

avoid adversely affecting similarly-situated U.S. workers.  20 C.F.R. §§655.0(a)(2), 655.102(b),

and 655.103.  Among these terms are the following:

   a.     Payment to all workers of at least the applicable adverse effect wage rate for every

          hour or portion thereof worked during a pay period.  20 C.F.R. §§655.102(b)(9)(i)

          and (ii).  The applicable adverse effect wage rate for Florida was $8.82 per hour

          through the 2008 north Florida vegetable season;

   b.     An assurance that workers would be provided with rent-free housing.  20 C.F.R.

          §655.102(b)(1); and

   c.     An assurance that the employer will offer U.S. workers no less than the same

          benefits, wages and working conditions that it offers to H-2A workers.


55.     The Defendants directed its full-time employee Cabioch Bontemps to oversee the

importation of H-2A workers from Haiti for work during the 2008 vegetable season.  Bontemps

arranged for his sister, Carline Bontemps to file a temporary labor certification application and to

obtain H-2A workers from Haiti for employment on the Defendants' operations during the 2008

vegetable season.  Carline Bontemps' temporary labor certification application contained the

assurances set out in Paragraph 54.  Carline Bontemps was ultimately was issued a temporary

labor certification, pursuant to which approximately 50 H-2A workers from Haiti were employed

on the Defendants' operations during the 2008 north Florida vegetable season.

56.   The actions of Cabioch Bontemps and Carline Bontemps as set out in Paragraph 55 were undertaken by these individuals on behalf of and at the direction of the Defendants.

57.   In or about April, 2008, the Defendants recruited the 2008 Plaintiffs for employment on the Defendants' operations during the 2008 north Florida vegetable season, extending from approximately May through November, 2008.  This recruitment was conducted or supervised by Cabioch Bontemps.

58.   Each of the 2008 Plaintiffs is permitted to work permanently in the United States and is a "U.S. Worker" within the meaning of 20 C.F.R. §655.100(b).   The 2008 Plaintiffs were entitled to the benefits of the job offer filed by Carline Bontemps as part of her temporary labor certification, including the assurances set out in Paragraph 54.  These assurances constituted a working arrangement between the Defendants and the 2008 Plaintiffs within the meaning of the AWPA, 29 U.S.C. §§1822(c).

59.   The Defendants failed to provide the 2008 Plaintiffs at the time of their recruitment with a written statement in a language in which the workers were fluent of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78.

60.   At various points in the 2008 north Florida vegetable season, the Defendants employed the 2008 Plaintiffs for work planting, cultivating, harvesting, grading and packing vegetable crops on the Defendants' farm near Lacrosse, Florida.   The H-2A workers admitted pursuant to the temporary labor certification application filed by Carline Bontemps also performed these tasks.

61.  Throughout the period of their employment on the Defendants' farm during the 2003 vegetable season, the 2009 Plaintiffs were housed in facilities owned or controlled by the Defendants.   At all times relevant to this count, these housing facilities were controlled and provided to the 2008 Plaintiffs by the Defendants, within the meaning of the AWPA, 29 U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and 500.130(c).

62  In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29 C.F.R. §500.135(a), the Defendants permitted the 2008 Plaintiffs to occupy the housing facilities described in Paragraph 61 without these facilities having first been certified by a State or local health authority or other appropriate agency as meeting applicable safety and health standards relating to migrant labor housing.

63.   In violation of the AWPA, 29 U.S.C. §1823(a), and its attendant regulations, 29 C.F.R. §500.130, the Defendants failed to ensure that the accommodations provided to the 2008 Plaintiffs as described in Paragraph 61 complied with substantive Federal and State safety and health standards applicable to the housing.  Among other things, the facilities were overcrowded, lacked required cooking, refrigeration and food storage equipment, were not equipped with heat and did not include comfortable beds for each occupant.

64.  The Defendants failed to post in a conspicuous place or to present to the 2008 Plaintiffs a written statement of the terms and conditions of occupancy at the facilities described in Paragraph 61, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and its implementing regulations, 29 C.F.R. §§500.75(f) and 500.78.

65.  Throughout the 2008 north Florida vegetable season, the Defendants transported or caused the 2008 Plaintiffs to be transported on a daily basis in various vehicles.  The Defendants

failed to have an insurance policy or liability bond insuring them in the requisite amounts against liability for damage to persons and property arising from the transportation of the 2008 Plaintiffs in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

66.   The Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the 2008 Plaintiffs during the 2008 north Florida vegetable season.   Among other things, no records were maintained showing the hours worked by the 2008 Plaintiffs while employed harvesting vegetables on a piece-rate basis.

67.   In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), the Defendants failed to provide to the 2008 Plaintiffs at each pay day during the 2008 north Florida vegetable season a written statement containing the data required to be disclosed under the statute and its implementing regulations.   The 2008 Plaintiffs either received no wage statements whatsoever or were provided with pay envelopes which failed to show the employer's name and address and the number of hours worked while employed on piece-rate activities.

68.   Throughout the period they employed the 2008 Plaintiffs during the 2008 north Florida  vegetable season, the Defendants failed to provide field toilets, handwashing facilities and drinking water as required by federal and state law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

69.   The 2008 Plaintiffs were paid on a piece-rate basis for their work harvesting vegetables on the Defendants' operations during the 2008 north Florida vegetable season.   The

2008 Plaintiffs' weekly piece-rate harvesting earnings totaled less than the applicable federal and state minimum wages.  The Defendants only compensated the 2008 Plaintiffs for their piece-rate earnings.   The Defendants failed to supplement the 2008 Plaintiffs' piece-rate earnings so as to raise their work week wages to a rate equal to or exceeding the applicable state and federal minimum wages.

70.   The Defendants failed to properly credit the 2008 Plaintiffs with all compensable hours worked.  On occasion, the 2008 Plaintiffs were required to sit idle at the jobsite at the commencement of the day for prolonged periods of time, waiting for the dew to dry on the beans before beginning to pick, or at the end of the workday, waiting for boxes of beans to be weighed and for their picking tokens to be counted.  Although this time was properly compensable under the Fair Labor Standards Act, the Defendants failed to credit the 2008 Plaintiffs with this waiting time as part of their respective compensable hours worked.

71.   The Defendants unlawfully withheld charges from the wages of the 2008 Plaintiffs for the housing accommodations described in Paragraph 61.

72.   The Defendants failed to report to the Social Security Administration the earnings of the 2008 Plaintiffs on the Defendants' operations during the 2008 north Florida vegetable harvest.  The Defendants also failed to pay Social Security taxes pursuant to the Federal Insurance Contributions Act with respect to the earnings of the 2008 Plaintiffs for labor performed on the Defendants' operations during the 2008 north Florida vegetable harvest.

73.   By their actions described in Paragraphs 69, 70, 71 and 72, the Defendants failed to pay the 2008 Plaintiffs their wages when due for work performed on the Defendants' operations during the 2009 vegetable harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its

implementing regulations, 29 C.F.R. § 500.81.

74.   The Defendants failed to pay the 2008 Plaintiffs the $8.82 per hour rate promised to the H-2A workers and guaranteed to all similarly–employed U.S. workers in the temporary labor certification application filed by Carline Bontemps on behalf of the Defendants.

75.   The Defendants failed to provide the 2008 Plaintiffs with rent-free housing, as promised to the H-2A workers and guaranteed to all similarly–employed U.S. workers in the temporary labor certification application filed by Carline Bontemps on behalf of the Defendants.

76.   By the actions and omissions described in Paragraphs 74 and 75, the Defendants violated without justification their working arrangement with the 2008 Plaintiffs, thereby violating the AWPA, 29 U.S.C. §1822(c), and its attendant regulations, 29 C.F.R. §500.72.

77.   The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

78.   As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the 2008 Plaintiffs have suffered damages.

## COUNT IV

### (Migrant and Seasonal Agricultural Worker Protection Act)
### (2007 north Florida vegetable season)

79.  This count sets forth a claim by Plaintiffs Juslaine Cherelus, Dalestin Cherenfant, Sifort Contreker, Pierre Anes Darvilmar, Marie I. Desruisseau, St. Gelus Dufresne, Marie Almonor Faustin, Merancia Joseph, Rosie Joseph, Anite Labrousse, Addly Petitfrere, Inocio Andre Simeon and Epfanie Saintelus Vital ("the 2007 Plaintiffs") for damages, injunctive relief and declaratory relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2007 vegetable season on the Defendants' operations in and near Lacrosse, Florida.

80.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 10 of this Complaint.

81.  In or about April, 2007, the Defendants recruited the 2007 Plaintiffs for employment on the Defendants' operations during the 2007 north Florida vegetable season, extending from approximately May through November, 2007.  This recruitment was conducted or supervised by Cabioch Bontemps, a full-time employee of the Defendants.

82.  The Defendants failed to provide the 2007 Plaintiffs at the time of their recruitment with a written statement in a language in which the workers were fluent of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78.

83.  At various points in the 2007 north Florida vegetable season, the Defendants

employed the 2007 Plaintiffs for work planting, cultivating, harvesting, grading and packing

vegetable crops on the Defendants' farm near Lacrosse, Florida.

84.   Throughout the period of their employment on the Defendants' farm during the 2007

north Florida vegetable season, the 2007 Plaintiffs were housed in facilities owned or controlled

by the Defendants.   At all times relevant to this count, these housing facilities were controlled

and provided to the 2007 Plaintiffs by the Defendants, within the meaning of the AWPA, 29

U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and

500.130(c).

85.   In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29

C.F.R. §500.135(a), the Defendants permitted the 2007 Plaintiffs to occupy the housing facilities

described in Paragraph 84 without these facilities having first been certified by a State or local

health authority or other appropriate agency as meeting applicable safety and health standards

relating to migrant labor housing.

86.   In violation of the AWPA, 29 U.S.C. §1823(a), and its attendant regulations, 29

C.F.R. §500.130, the Defendants failed to ensure that the accommodations provided to the 2007

Plaintiffs as described in Paragraph 84 complied with substantive Federal and State safety and

health standards applicable to the housing.  Among other things, the facilities were overcrowded,

lacked required cooking, refrigeration and food storage equipment, were not equipped with heat

and did not include comfortable beds for each occupant.

87.   The Defendants failed to post in a conspicuous place or to present to the 2007

Plaintiffs a written statement of the terms and conditions of occupancy at the facilities described

in Paragraph 84, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and its implementing

regulations, 29 C.F.R. §§500.75(f) and 500.78.

88.  Throughout the 2007 north Florida vegetable season, the Defendants transported or caused the 2007 Plaintiffs to be transported on a daily basis in various vehicles.  The Defendants failed to have an insurance policy or liability bond insuring them in the requisite amounts against liability for damage to persons and property arising from the transportation of the 2007 Plaintiffs in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

89.  The Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the 2007 Plaintiffs during the 2007 north Florida vegetable season.   Among other things, no records were maintained showing the hours worked by the 2007 Plaintiffs while employed harvesting vegetables on a piece-rate basis.

90.  In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), the Defendants failed to provide to the 2009 Plaintiffs at each pay day during the 2007 north Florida vegetable season a written statement containing the data required to be disclosed under the statute and its implementing regulations.   The 2007 Plaintiffs either received no wage statements whatsoever or were provided with pay envelopes which failed to show the employer's name and address and the number of hours worked.

91.  Throughout the period they employed the 2007 Plaintiffs during the 2007 north Florida  vegetable season, the Defendants failed to provide field toilets, handwashing facilities and drinking water as required by federal and state law, thereby violating the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

92.  The 2007 Plaintiffs were paid on a piece-rate basis for their work harvesting vegetables on the Defendants' operations during the 2007 north Florida vegetable season.  The 2007 Plaintiffs' weekly piece-rate harvesting earnings totaled less than the applicable federal and state minimum wages.  The Defendants only compensated the 2007 Plaintiffs for their piece-rate earnings.   The Defendants failed to supplement the 2007 Plaintiffs' piece-rate earnings so as to raise their work week wages to a rate equal to or exceeding the applicable state and federal minimum wages.

93.  The Defendants failed to properly credit the 2007 Plaintiffs with all compensable hours worked.  On occasion, the 2007 Plaintiffs were required to sit idle at the jobsite at the commencement of the day for prolonged periods of time, waiting for the dew to dry on the beans before beginning to pick, or at the end of the workday, waiting for boxes of beans to be weighed and for their picking tokens to be counted.  Although this time was properly compensable under the Fair Labor Standards Act, the Defendants failed to credit the 2007 Plaintiffs with this waiting time as part of their respective compensable hours worked.

94.  The Defendants unlawfully withheld charges from the wages of the 2007 Plaintiffs for the housing accommodations described in Paragraph 84.

95.  The Defendants failed to report to the Social Security Administration the earnings of the 2007 Plaintiffs on the Defendants' operations during the 2007 north Florida vegetable harvest.  The Defendants also failed to pay Social Security taxes pursuant to the Federal Insurance Contributions Act with respect to the earnings of the 2007 Plaintiffs for labor performed on the Defendants' operations during the 2007 north Florida vegetable harvest.

96.  By their actions described in Paragraphs 92, 93, 94 and 95, the Defendants failed to

pay the 2007 Plaintiffs their wages when due for work performed on the Defendants' operations during the 2007 vegetable harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its implementing regulations, 29 C.F.R. § 500.81.

97.   The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

98.   As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the 2007 Plaintiffs have suffered damages.

## COUNT V: FAIR LABOR STANDARDS ACT

99.     The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

100.     This count sets forth a claim for declaratory relief and damages by the Plaintiffs for the Defendants' violations of the minimum wage provisions of the FLSA during the 2007, 2008, 2009 and 2010 north Florida vegetable seasons.

101.     The Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay the Plaintiffs at least:

•      $7.25 for every compensable hour of labor he or she performed on after July 24, 2009;

•      $6.55 for every compensable hour or labor he or she performed from July 24, 2008 through July 23, 2009;

•      $5.85 for every compensable hour or labor he or she performed from July 24, 2007 through July 23, 2008;

•      $5.15 for every compensable hour of labor he or she performed from April 1 through July 23, 2007.

102.     The violations of the FLSA as set out in Paragraph 101 resulted in part from the Defendants' failure to supplement the Plaintiffs' piece-rate earnings so as to raise their individual pay period wages to a rate equal to or exceeding the minimum wage and failure to credit the Plaintiffs with all compensable hours worked.

-27-

103.    The violations of the FLSA as set out in Paragraph 101 resulted in part from the Defendants's unlawful withholding from the Plaintiffs' wages of charges for housing facilities furnished in violation of law or which exceeded the reasonable cost of furnishing these facilities.

104.   With respect to work performed in the Defendants' packing house during the 2010 harvest, the violations of the FLSA described in Paragraph 101 resulted in part from the Defendants' pay rate of $7.00 per hour, less than the applicable minimum wage under the Fair Labor Standards Act.

105.   The violations of the FLSA set forth in Paragraph 101 were willful, within the meaning of the Portal-to-Portal Act.  The Defendants disregarded the very possibility that they were violating the FLSA.  The Defendants were aware of the FLSA's requirements but took no affirmative action to comply with these requirements.

106.    As a consequence of the Defendants' violations of the FLSA as set out in this count, the Plaintiffs are entitled to recover their unpaid minimum wages, plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b).

**COUNT VI: MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION**

107.    The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

108.    This count sets forth a claim for declaratory relief and damages by the Plaintiffs for the Defendants' violations of the minimum wage provisions of the FLSA during the 2007, 2008, 2009 and 2010 north Florida vegetable seasons.

109.    The Defendants violated the minimum wage provisions of the Florida Constitution by failing to pay the Plaintiffs at least:

•      $7.25 for every compensable hour of labor he or she performed in 2010;

•      $7.21 for every compensable hour of labor he or she performed in 2009;

•      $6.79 for every compensable hour or labor he or she performed in 2008;

•      $6.67 for every compensable hour or labor he or she performed in 2007.

110.    The violations of the minimum wage provisions of the Florida Constitution as set out in Paragraph 109 resulted in part from the Defendants' failure to supplement the Plaintiffs' piece-rate earnings so as to raise their individual pay period wages to a rate equal to or exceeding the minimum wage and failure to credit the Plaintiffs with all compensable hours worked.

111.    The violations of the  minimum wage provisions of the Florida Constitution as set out in Paragraph 109 resulted in part from the Defendants's unlawful withholding from the Plaintiffs' wages of charges for housing facilities furnished in violation of law or which exceeded the reasonable cost of furnishing these facilities.

112.  As a result of the Defendants' violations of the minimum wage provisions of the

Florida Constitution as described above, each of the Plaintiffs is entitled to recover the amount of his or her unpaid minimum wages, and an equal amount as liquidated damages, pursuant to Art. X § 24 (e) of the Florida Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.      Declaring that the Defendants violated the AWPA and its attendant regulations with

respect to its employment of the Plaintiffs during the 2007, 2008, 2009 and 2010 north

Florida vegetable harvests;

b.      Declaring that the Defendants violated  the FLSA, as set forth in Count V;

c.      Granting judgment in favor of the 2010 Plaintiffs and against the Defendants, jointly and

severally, on the claims under the Migrant and Seasonal Agricultural Worker Protection

Act set forth in Count I, and awarding each of the 2010 Plaintiffs his or her actual

damages or statutory damages of $500, whichever is greater, for every violation of the

AWPA set forth in that count;

d.      Granting judgment in favor of the 2009 Plaintiffs and against the Defendants, jointly and

severally, on the claims under the Migrant and Seasonal Agricultural Worker Protection

Act set forth in Count II, and awarding each of the 2009 Plaintiffs his or her actual

damages or statutory damages of $500, whichever is greater, for every violation of the

AWPA set forth in that count;

e.      Granting judgment in favor of the 2008 Plaintiffs and against the Defendants, jointly and

severally, on the claims under the Migrant and Seasonal Agricultural Worker Protection

Act set forth in Count III, and awarding each of the 2008 Plaintiffs his or her actual

damages or statutory damages of $500, whichever is greater, for every violation of the

AWPA set forth in that count;

f.      Granting judgment in favor of the 2007 Plaintiffs and against the Defendants, jointly and severally, on the claims under the Migrant and Seasonal Agricultural Worker Protection Act set forth in Count IV, and awarding each of the 2007 Plaintiffs his or her actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in that count;

g.      Granting judgment in favor  the Plaintiffs on their FLSA claims as set forth in Count V, and awarding each of them the amount of his or her unpaid minimum wages and an equal amount as liquidated damages;

h.      Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, on the Plaintiffs' claims under the minimum wage provisions of the Florida Constitution as set forth in Count VI and awarding each of the Plaintiffs the amount of his or her unpaid minimum wages, along with an equal amount as liquidated damages;

i.      Enjoining the Defendants from further failure to comply with the provisions of the Migrant and Seasonal Agricultural Worker Protection Act and its implementing regulations;

j.      Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. §216 and §448.08, Fla. Stat.;

k.      Awarding the Plaintiffs the costs of this action; and

l.      Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,


***/s/ Gregory S. Schell***
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida    33460-3819
Telephone:     (561) 582-3921
Facsimile:     (561) 582-4884

_____Attorney for Plaintiffs